Thank you, Judge. I'm Phil Hantel. I represent Mr. Leon on appeal, Urias Leon on appeal. I did not represent him at the trial level. After reviewing what I've submitted to the court, I don't know that I have much more to add than what I've put in my papers regarding the plea and that sort of thing. Well, I guess your threshold issue is whether you can appeal at all. So if you I guess you presumably you have to win on the improper participation argument before you can go much further. Well, and I think that's true since, you know, I certainly understand what trial counsel is probably caught in a quandary when a court rejects the plea bargain and maybe believes that that's improper. And then trying to preserve that issue for appeal yet protect the defendant's rights to getting another plea bargain is certainly going to be better than pressing the matter to trial. And, you know, as I said in my first assignment of error, I guess that's maybe where the right of appeal comes from is that sort of quandary. But clearly, I have to concede that in the second plea bargain, he did waive his appellate rights. I mean, that goes without question, and did accept that second plea bargain to 120 months. Did trial counsel object to the Court's participation or suggestions as to how the plea agreement should be worked out? No, and I think it would be safe to characterize the he did file a sentencing memorandum in support of the 96-month plea. And I think the government also filed a similar memorandum supporting the 96-month plea. When the plea was rejected, however, the words I object to that judge never came out of his mouth. And, in fact, I think that trial counsel asked the Court for guidance almost as to whether they should start over with a new plea or whether they should, I guess, cross off certain provisions and start again or what the situation was. But clearly, the record is clear that there was no I object judge to you not finding this plea bargain. Didn't the appellate, didn't counsel below in a way solicited the judge's advice about what would be an acceptable plea? No, I think that there – I can't argue with that. I think that he did at some level solicit some sort of, now that you've rejected the plea, I don't know what to do, what should we do, Judge? So, you know, I mean, I think that that would be a fair characterization of what happened. So now your argument is a little bit of a sandbag argument. It is. If I have nothing else. Do you want to reserve the rest of your time? That's fine. I don't anticipate I'll need any, but I will. Thank you. Thank you, counsel. May it please the Court. My name is Keith Ricotter, and I'm an assistant United States attorney from the District of Arizona. I was both counsel on this appeal, obviously, and I was the counsel in the original trial matter. The first statement that the defendant did waive his rights to appeal I think should be enforced. Clearly, the complaint about error by the defense in this case occurred after the first plea agreement had already been entered. That's when the judge came into the courtroom at the time of sentencing, stated that she was going to be rejecting the stipulation in the plea agreement, and thus rejecting the plea agreement. Defense counsel then requested some kind of guidance, not wanting to start over at square one, I believe was his words. The court made some statements, said I'm not going to get involved in your plea negotiations a couple different times, sent us back out of the courtroom where the parties hammered out a new plea agreement, in which case the defendant in that second plea agreement waived his rights to appeal. It was an unconditional plea agreement. He did not preserve any issues that had occurred prior to that time, and therefore it's the United States' position that he did in fact waive his appellate rights. But if he had been coerced into waiving his appellate rights, wouldn't he – wouldn't the plea waiver be invalid? If – If he had been coerced into entering a plea that contained the plea waiver, wouldn't the plea waiver be invalid? I guess that is a point of contention here. I think that he still could have raised it, the cases that are cited by the defense, both the Bruce case and the Garfield case. The defendants in those cases attempted to get out of their plea agreements prior to sentencing through motions to withdraw. This defendant in this case never complained about that, never complained one word about, hey, judge, you coerced me. But if he – if he felt coerced and that's why he didn't complain, don't we have to sort of look at the merits to see if there was impermissible coercion or participation to see whether the plea waiver is valid? I think even if you do that, Judge, you'll find that there was no particular coercion by the court here. Well, that's what I'm saying. I mean, you could look one of two ways, let the plea – let the appeal go forward and say that, well, he didn't object, the judge didn't enter that far into the negotiations. I think even if you do that, Judge, I think legally, according to the cases, it seems like sometimes the cases they look at the waiver part first and then sometimes they still look at the merits underlying and then they ultimately conclude, well, because the court did not impermissibly get involved in plea negotiations, you did waive your right. So I'm not quite sure which analysis they're looking at first or second. But there's – it's fine. It can be. I think if the coercive effect is as great as it was in the Bruce case, it, I guess, could nullify the waiver. In the Bruce case, there's no discussion within the case whether there was a waiver in the plea agreement and whether that was an issue during the appeal. So I'm a little unclear and unsure about that. However, in this case, the court did not get impermissibly involved in plea negotiations. The parties themselves had negotiated a plea agreement which was favorable to the defendant. The United States agreed not to file his prior drug conviction under 851. We also agreed not to file the drug charges from his second arrest back two, three years later after he was gone. After the judge said, well, you know, you could drop this one part of the charge and so on, did the parties then retire for a while or something and work on the plea agreement? Yes, Your Honor. What was the timing of that? Eleven days later. The original, the first sentencing was on June 11th. We then set it for another hearing on June 22nd. During those intervening 11 days, the parties reached a new separate plea agreement. Okay. And then the judge just accepted that when you came back. The judge on June 22nd officially rejected the first plea agreement and we went through an entirely new plea colloquy with the defendant for the second plea agreement. Thank you. Thank you. Anything further? I don't, unless the court has any questions. I don't have anything else to say. All right. Thank you. U.S. v. Liam will be submitted.
judges: Canby, Wardlaw, Trager